**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kimmer O'Reilly**, | No. |
| Plaintiffs, | |
| vs. | **VERIFIED COMPLAINT** |
| **Independence Home Loans LLC**, an Arizona limited liability company, and **Eric Katz and Sarah Katz**, a married couple, | |
| Defendants. | |

Plaintiff, Kimmer O'Reilly ("Plaintiff" or "Kimmer O'Reilly"), sues the Defendants, Independence Home Loans LLC and Eric Katz and Sarah Katz (husband and wife), (collectively, all Defendants are referred to as "Defendants" or "Independence Home Loans") and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

-1-

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

5.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

-2-

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

8.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

9.    At all material times, Defendant Independence Home Loans LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Independence Home Loans LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10.    At all relevant times, Defendant Independence Home Loans LLC owned and operated as "Independence Home Loans," a mortgage loan brokerage doing business in Maricopa County, Arizona.

11.    Under the FLSA, Defendant Independence Home Loans LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times Defendant Independence Home Loans LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs'

employment with Defendants.  As a person who acted in the interest of Defendants in relation to Independence Home Loans' employees, Defendant Independence Home Loans LLC is subject to liability under the FLSA.

12.    Defendants Eric Katz and Sarah Katz are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Eric Katz and Sarah Katz are owners of Independence Home Loans and were at all relevant times Plaintiffs' employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.    Under the FLSA, Defendants Eric Katz and Sarah Katz are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Eric Katz and Sarah Katz had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As persons who acted in the interest of Defendants in relation to Independence Home Loans' employees, Defendants Eric Katz and Sarah Katz are subject to individual liability under the FLSA.

14.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.    Defendants, and each of them, are sued in both their individual and corporate capacities.

-4-

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19. At all relevant times, Defendants were and continue to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

22. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

26. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2026.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

29. Plaintiff, in his for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

30. Defendants own and/or operate as Independence Home Loans, a mortgage loan brokerage doing business in Maricopa County, Arizona.

31. On or about November 3, 2025, Plaintiff began working for Defendants as a loan officer.

32. At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a regular semi-monthly rate of $1,274, plus commissions.

33. At all relevant times, in their work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a regular semi-monthly rate of $1,274 plus commissions, regardless of the number of hours Plaintiffs actually worked.

34. At all relevant times, in their work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a regular semi-monthly rate of $1,274

plus commissions, regardless of the number of hours Plaintiffs actually worked, regardless of the number of hours Plaintiffs actually worked, and regardless of whether they worked in excess of 40 hours in a given workweek.

35.    At all relevant times during his employment with Defendants, Plaintiff was an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

36.    Plaintiff worked for Defendants through approximately January 9, 2026, when Defendants terminated his employment.

37.    During Plaintiff's employment with Defendants, Plaintiff generally worked approximately 70 hours per week.

38.    At all relevant times, Plaintiff were paid, or supposed to be paid, on a semi-monthly basis.

39.    Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

40.    Defendants did not pay Plaintiff any wages whatsoever for time he spent working in excess of 40 hours in a given workweek during his employment with Defendants.

41.    As a result of Defendants' failure to compensate Plaintiff any wages whatsoever for time he spent working in excess of 40 hours in a given workweek, Defendants violated the AWA, A.R.S., § 23-351.

42.    By virtue of paying Plaintiff no wages whatsoever for time he worked in excess of 40 hours in a given workweek, at all relevant times, Defendants did not pay

-7-

Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

43.    During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

44.    At all relevant times, Plaintiff worked 30 hours of overtime per week.

45.    To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

46.    To date, Defendants still have paid none of the regular wages due and owing to Plaintiff for such hours worked.

47.    At all relevant times, in his work for Defendants, Plaintiff was a non-exempt employee.

48.    Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate him for his overtime hours.

49.    Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate him for his regular hours.

50.    Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

51.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52.    Plaintiff is a covered employee within the meaning of the FLSA.

53.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

55.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.    Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

57.    In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

58.    As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

59.    As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

60. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

61. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

62. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Kimmer O'Reilly, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING
### DEFENDANT INDEPENDENCE HOME LOANS LLC, ONLY

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     As a result of the allegations contained herein, Defendant Independence Home Loans LLC did not compensate Plaintiff wages due and owing to him.

65.     Defendant Independence Home Loans LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

66.     Defendant Independence Home Loans LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

67.     Defendant Independence Home Loans LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

68.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Independence Home Loans LLC.

69.     Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**WHEREFORE**, Plaintiff, Pherson Turner, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Independence Home Loans LLC:

-11-

A.    For the Court to declare and find that Defendant Independence Home Loans LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th day of March, 2026.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-12-

**VERIFICATION**

Plaintiff, Kimmer O'Reilly, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

Kimmer O'Reilly (Mar 30, 2026 07:32:11 PDT)

Kimmer O'Reilly

-13-